UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RONALD THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 1:19-cv-984 |
| | ) |
| METROPOLITAN SCHOOL DISTRICT OF WARREN TOWNSHIP; BRIAN SIMKINS, in his individual and official capacity; and DAVID HOLT, in his individual and official capacity, | ) ) ) ) ) |
| | ) |
| Defendants. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. Plaintiff, Ronald Thomas ("Thomas"), by counsel, brings this action against Defendant, Metropolitan School District of Warren Township ("Warren Township"), for unlawfully violating his rights as protected by the Age Discrimination in Employment Act ("ADEA") and the Fourteenth Amendment to the United States Constitution, and against Defendants Brian Simkins, in his individual and official capacity ("Simkins"), and David Holt, in his individual and official capacity ("Holt"), for violating his rights as protected by the Fourteenth Amendment to the United States Constitution (collectively, "Defendants").

**PARTIES**

2. Thomas has resided in the Southern District of Indiana at all relevant times.

3. Warren Township is a school corporation operating within the Southern District of Indiana.

4. Brian Simkins has, at all relevant times, been Director of Human Resources for Warren Township and resides in the Southern District of Indiana.

5. David Holt has, at all relevant times, been Chief Financial Officer for Warren Township and resides in the Southern District of Indiana.

## JURISDICTION AND VENUE

6. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 626(c).

7. Thomas is an "employee" within the meaning of 29 U.S.C. § 630(f).

8. Warren Township is an "employer" within the meaning of 29 U.S.C. § 630(b).

9. Thomas has satisfied his obligations to exhaust his administrative remedies, having filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or around August 2, 2018. The EEOC issued a right-to-sue notice to Thomas on or around December 11, 2018. Thomas now timely files this lawsuit.

10. Venue is proper in this Court because Thomas's cause of action arose in Marion County, Indiana, which is located in the Southern District of Indiana, Indianapolis Division.

## FACTUAL ALLEGATIONS

11. Thomas is a sixty-year old male.

12. Warren Township hired Thomas as a bus driver in February 2004, and from 2006 to the present, Thomas has worked in its garage

13. From July 1, 2010, through June 11, 2018, Thomas's position with Warren Township was garage supervisor.

14. Since June 11, 2018, Thomas's position with Warren Township has been mechanic.

15. At all relevant times, Thomas's work performance met Warren Township's reasonable

expectations.

16. In June 2017, Thomas's supervisor, Warren Township's Director of Transportation, Steve Smith ("Mr. Smith"), retired.

17. Thomas, along with other applicants, including Lynn Storm ("Storm"), a female and Warren Township's bus driver supervisor, applied for the Director position.

18. Storm was selected for the position.

19. Simkins and Holt were the decision makers for this selection.

20. In July 2017, Warren Township posted an opening for a new position of Assistant Director of Transportation.

21. Thomas, along with other applicants, including Paula Smith ("Ms. Smith"–not apparently related to Mr. Smith), applied for the position.

22. Ms. Smith was selected for the position despite having no management or administration experience.

23. Simkins and Holt were the decision makers for this selection.

24. Thomas was more qualified than Storm and Ms. Smith for the respective positions.

25. Beginning in or around the end of 2017 or early 2018, Storm made a number of false allegations concerning Thomas's work performance, including, but not limited to: (1) instructing him that he was required to renew his "yellow card"; (2) accusing him of not caring about getting inspections completed; and (3) accusing him of refusing to assist a bus driver whose bus broke down.

26. Thomas informed Storm on each occasion why the accusations were incorrect.

27. On June 11, 2018, Thomas received his annual evaluation from Storm, Holt, and Simkins.

28. During the evaluation, he was told that, due to a number of areas of poor performance, he was being demoted from garage supervisor.

29. Each reason given by Defendants for the demotion is pretextual. By way of illustration and not limitation, this included: (1) alleging that Thomas took excessive undocumented time off; (2) that Thomas refused to respond when contacted about a bus with a flat tire; (3) that Thomas had left a bus unattended another school; and (4) that multiple buses were not operational on the first day of summer school.

30. In reality: (1) Thomas did not take excessive undocumented time off; (2) Thomas responded to the flat tire by text message and made appropriate arrangements; (3) Thomas took appropriate action concerning the bus at the other school; and (4) all but one bus was operational on the first day of summer school.

31. Thomas's replacement as garage supervisor is substantially younger.

32. Defendants refused to hire Thomas in the Director of Transportation or Assistant Director of Transportation positions because of his sex.

33. Defendants demoted Thomas because of his age and replaced him with a substantially younger employee.

34. All adverse employment actions taken against Thomas were performed by Simkins, Holt, and/or Storm, who have final decision-making authority for personnel matters within Warren Township's Department of Transportation.

35. Any reason given by Defendants for the adverse employment actions is pretextual.

36. Defendants have accorded more favorable treatment to similarly situated employees who are female or substantially younger than Thomas.

37. Thomas has suffered damages as a result of Defendants' unlawful actions.

## CAUSES OF ACTION

### COUNT I - SEX DISCRIMINATION - 42 U.S.C. § 1983

38. Thomas incorporates by reference paragraphs 1-37 of his Complaint.

39. Warren Township, Simkins, and Holt have taken adverse employment action against Thomas because of his sex in violation of the Equal Protection Clause to the Fourteenth Amendment to the United States Constitution.

40. Defendants have accorded more favorable treatment to similarly situated female employees.

### COUNT II - AGE DISCRIMINATION - ADEA

41. Thomas incorporates by reference paragraphs 1-40 of his Complaint.

42. Warren Township has taken adverse employment action against Thomas because of his age.

43. Warren Township has accorded more favorable treatment to similarly situated younger employees.

### REQUESTED RELIEF

WHEREFORE, Plaintiff, Ronald Thomas, by counsel, respectfully requests that this Court find for him and order that:

1. Defendants reinstate Thomas to his prior position, salary, and seniority, or pay front pay and benefits to him in lieu of reinstatement;

2. Defendants pay lost wages and benefits to Thomas;

3. Defendant Warren Township pay liquidated damages to Thomas;

4. Defendants Simkins and Holt pay compensatory damages to Thomas;

5. Defendants pay pre- and post-judgment interest to Thomas;

6. Defendants pay Thomas's attorneys' fees and costs incurred in litigating this action and;

7. Defendants pay to Thomas any and all other legal and equitable remedies this Court finds appropriate.

Respectfully submitted,

*s/ John H. Haskin*
John H. Haskin, Attorney No. 7576-49

*s/ Samuel M. Adams*
Samuel M. Adams, Attorney No. 28437-49

Attorneys for Plaintiff
Ronald Thomas

## **DEMAND FOR JURY TRIAL**

Plaintiff, Ronald Thomas, by counsel, respectfully requests a jury trial for all issues deemed triable.

Respectfully submitted,

*s/ John H. Haskin*
John H. Haskin, Attorney No. 7576-49

JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone:   (317)955-9500
Facsimile:    (317)955-2570
Email:        jhaskin@jhaskinlaw.com
              sadams@jhaskinlaw.com